1 STEVEN G. KALAR
Federal Public Defender
2 JOYCE LEAVITT
Assistant Federal Public Defender
3 555 12th Street, Suite 650
Oakland, CA 94607-3627
4
Counsel for Defendant BOOKER ROSS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. CR 12-00553 YGR |
| Plaintiff, ) | |
| ) | STIPULATION AND [PROPOSED] |
| v. ) | ORDER REFERRING CASE FOR |
| ) | COMPETENCY HEARING; |
| ) | CONTINUANCE OF STATUS DATE |
| BOOKER T. ROSS, ) | & EXCLUSION OF TIME |
| ) | |
| Defendant. ) | |

Defendant Booker T. Ross and the government, through undersigned counsel, hereby stipulate and jointly move the Court to conduct a hearing to determine the mental competency of defendant Booker T. Ross, pursuant to 18 U.S.C. §4241(a). To assist the Court in that determination, the parties further stipulate and jointly move the Court to order that the United States Marshal Service transfer defendant Booker T. Ross to the custody of the Attorney General for placement in a Bureau of Prisons medical facility and further order that a mental competency evaluation be performed by a certified psychiatrist or psychologist pursuant to 18 U.S.C. §4241(b) and §4247(b). The reason for the requested competency evaluation is that Mr. Ross has a documented history of mental health

*United States v. Ross*, CR 12-00553 YGR;
Stip. Re Competency Hearing; Continue Date           - 1 -

issues which include schizophrenia, paranoia and depression. After his arrest in this case, a videotaped interview shows Mr. Ross alone in a room continuously talking to himself. In addition, defense counsel has reviewed Mr. Ross's medical records, consulted with a psychologist and spoken to family members as well as to Mr. Ross regarding his ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Based upon defense counsel's interactions and discussions with Mr. Ross, as well as a review of the records and consultation with a psychologist, there is some reason to believe that Mr. Ross may presently be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist in his defense.

The parties further stipulate and agree that the next court date, currently set for April 4, 2013 at 2:00 p.m. may be continued to Thursday, June 6, 2013, at 2:00 p.m. for status regarding competency or to set a hearing, if necessary. The time from April 4, 2013, until June 6, 2013, should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(1)(A) because of the need to conduct examinations and judicial proceedings to determine the mental competency of the defendant.

DATED: 4/1/13                              /s/
                                           JOYCE LEAVITT
                                           Assistant Federal Public Defender

DATED: 4/1/13                              /s/
                                           JAMES C. MANN
                                           Assistant United States Attorney

I hereby attest that I have permission of the parties to enter a conformed signature (/s/) for all signatures within this e-filed document.

# ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that a hearing be conducted to determine the mental competency of defendant Booker T. Ross, pursuant to 18 U.S.C. §4241(a). The United States Marshal Service shall transfer defendant Booker T. Ross to the custody of the Attorney General for placement in a Bureau of Prisons medical facility to facilitate the competency evaluation pursuant to 18 U.S.C. §4247(b).

IT IS FURTHER ORDERED that the Attorney General shall conduct a mental competency evaluation to be performed by a certified psychiatrist or psychologist and that a psychiatric or psychological report be filed with the Court. 18 U.S.C. §4241(b); 18 U.S.C. §4247(c) and (c)(4)(A). Mr. Ross shall be committed to the custody of the Attorney General for a period of no longer than thirty days after the date of his arrival at the designated Bureau of Prisons medical facility. 18 U.S.C. §4247(b). The director of the facility may apply for a reasonable extension in which to conduct the examination upon a showing of good cause, not to exceed fifteen days. *Id*.

IT IS FURTHER ORDERED that the next court date, currently set for April 4, 2013 at 2:00 p.m. shall be continued to Thursday, June 6, 2013, at 2:00 p.m. before the Honorable Yvonne Gonzalez Rogers for status regarding competency or to set a hearing, if necessary. The time from April 4, 2013, until June 6, 2013, shall be excluded under the Speedy Trial Act pursuant to 18 U.S.C. §3161(h)(1)(A) in order to conduct examinations and judicial proceedings to determine the mental competency of the defendant.

SO ORDERED.

DATED: April 3, 2013

_____
HONORABLE YVONNE GONZALEZ ROGERS
United States District Judge